IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE R. GARCIA LIMONES, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:07-CR-356-5-TWT |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2265-TWT |

**ORDER AND OPINION**

Movant, currently incarcerated in the McRae Correctional Facility in McRae, Georgia, has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentence, which was imposed on June 3, 2009, following a guilty plea entered in the Northern District of Georgia.

I.  Procedural History

On January 22, 2009, Movant entered a guilty plea in this Court to one count of possession with the intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and 18 U.S.C. § 2. [Doc. No. 290]. In connection with the plea agreement: (1) the Government dismissed Counts One and Three of a superceding indictment against Movant and his co-

conspirators, both of which charged Movant with further drug sales in connection with an overall drug trafficking conspiracy [Id.; Doc. 72]; and (2) Movant agreed to waive his right to appeal or collaterally attack his sentences in any post-conviction proceeding on any ground other than an upward departure from the otherwise applicable sentencing guideline range or if the Government filed an appeal. [Doc. No. 290, Att. 1 at 7, ¶ 19]. On June 3, 2009, this Court sentenced Movant to 60 months of imprisonment to be followed by five years of supervised release. [Doc. No. 342].

Movant appealed his sentence to the Eleventh Circuit Court of Appeals on June 9, 2009, and on November 17, 2009, the Eleventh Circuit dismissed the appeal based upon the appeal waiver contained in Movant's plea agreement. [Doc. No. 370]. The Supreme Court denied Movant's petition for a writ of certiorari on May 3, 2010. Garcia-Limones v. United States, __ U.S. __, 130 S. Ct. 2421 (May 3, 2010); [Doc. 375].

Movant filed the instant motion to vacate his sentence on July 19, 2010. Herein, he claims that he received ineffective assistance of counsel because: (1) counsel "coerced" him into entering a guilty plea by telling him that he would

receive a shorter sentence than he received; and (2) counsel did not advise him of the deportation consequences of his plea. [Doc. 376].

II.   Discussion

  A.   Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present

3

"exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Bowen v. Johnston, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is entitled to no relief in connection with his claims. Thus, no evidentiary hearing is required.

B.   Ground One Fails to State a Claim for Relief

In Ground One, Movant claims that he received ineffective assistance of counsel because counsel misinformed him about the sentence he would receive. To the extent that this Court could construe his claim as a challenge to the voluntary nature of his guilty plea, he has failed to state a claim for relief.[1]

---

[1] Although Movant's plea agreement contained a waiver of his right to collaterally attack his sentence, he is still entitled to raise claims for ineffective assistance of counsel relating to the plea agreement or the waiver, and claims challenging the voluntariness of the plea. See Patel v. United States, 252 F. App'x 970, 974 (11th Cir. 2007) (holding ineffective assistance of counsel claim related to the validity of the guilty plea is not barred by the waiver of collateral relief); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel argument survives a waiver only when the claimed assistance directly affected the validity of the waiver or the plea itself);

4

### 1.  Movant's Guilty Plea Was Knowing and Voluntary.

First, the record directly contradicts Movant's claim. Indeed, counsel told the Court that she did not tell Movant what sentence she thought Movant would receive. [Doc. 333 at 13]. Additionally, Movant confirmed that he had not, in fact, relied upon any outside promise in entering his guilty plea, including a promise of what his sentence would be. [Id. at 11-12; Doc. 290, Att. 1 at ¶ 22]. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also United States v. Anderson, 384 F. App'x 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."); United States v. Munguia-Ramirez, 267 F. App'x 894, 897 (11th Cir. 2008) (stating that when a movant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true") (citations omitted). Moreover, Movant's sworn statements and the signed plea agreement indicate that Movant understood: (1) the possible range for sentencing; and (2) that he could not withdraw his plea

---

United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding a valid waiver of collateral relief does not bar an ineffectiveness claim attacking the validity of the plea itself). As both of his ineffective assistance of claims challenge the validity of the plea, the waiver in his plea agreement does not bar these claims.

5

even if he received a more severe sentence than he expected or that he discussed with counsel. [See Doc. 290, Att. 1 at ¶¶ 7, 18; Doc. 333 at 9, 11, 17-19]. Thus, the record does not support Movant's claim that his guilty plea was unknowing or involuntary due to counsel's estimation of his potential sentence.

Even if counsel had misinformed Movant as to his likely sentence, however, an erroneous sentence estimate by counsel does not render a plea involuntary. United States v. Himick, 139 F. App'x 227, 228-29 (11th Cir. 2005); United States v. Orr, 165 F. App'x 623, 624-25 (10th Cir. 2006); United States v. Tealer, No. 01-51262, 2002 WL 31415154 at *1 (5th Cir. Oct. 9, 2002); United States ex rel. LaFay v. Fritz, 455 F.2d 297, 302 (2d Cir. 1972). This Court finds, therefore, that based on the plea colloquy and despite his claim that counsel promised him he would receive a lesser sentence, Movant knowingly and voluntarily entered his guilty plea. See Munguia-Ramirez, 267 F. App'x at 898 (holding district court did not err in finding that the movant knowingly and voluntarily entered into guilty plea due to counsel's incorrect estimation of his ultimate sentence, where record indicated that he understood that he could not withdraw his plea even if he received a more severe sentence than he thought); United States v. Kerns, 53 F. App'x 863, 866 (10th Cir. 2002) (finding claim that because attorney assured the

6

movant that his sentence would be less than what he ultimately received cannot constitute a challenge to the voluntariness of his plea, as he stated during the plea colloquy that no one had made any promises inducing him to enter a guilty plea).

> 2. Movant Has Failed to Demonstrate that Counsel Was Ineffective In Connection With Any Alleged Misinformation About Movant's Potential Sentence.

Regardless of the fact that he entered a knowing and voluntary plea, Movant nevertheless claims that counsel was ineffective in her "fraudulent and corrupt strategy to induce plea guilty [sic]." [Doc. 1, Aff. at 7]. The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984). The analysis is two-pronged, and the court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." Atkins v. Singletary, 965 F. 2d 952, 959 (11th Cir. 1992); see Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffectiveness claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Movant must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The court must be "highly deferential"

in analyzing counsel's performance, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. See also Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 788 (Jan. 19, 2011) ("Even under de novo review, the standard for judging counsel's representation is a most deferential one."). A strategic decision will amount to ineffective assistance only if "no competent counsel would have taken the action" that counsel took. Allen v. Secretary, Fla. Dep't of Corr., 611 F.3d 740, 751 (11th Cir. 2010) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). To meet the second prong, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. See Strickland, 466 U.S. at 694. That is, Movant must show that but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different – that is, counsel's deficient performance undermined confidence in the outcome of the proceeding. Id. at 694; Allen, 611 F.3d at 751. In order to satisfy the prejudice prong in the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 58-9 (1985); Allen, 611 F.3d at 762.

8

Movant's claim that counsel promised him that he would receive 30-37 months if he pleaded guilty is belied by the record. First, the handwritten notes to which Movant cites as supporting such a promise by counsel could not have been relied upon by Movant in entering his plea because this evidence is dated May 5, 2009, which was <u>after</u> his January 22, 2009, guilty plea.[2]  [Doc. 1, Exh. A]. Additionally, as set forth previously herein, this Court engaged in a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, during which Movant testified under oath that no promises were made to him regarding his sentence and that he would be bound by his guilty plea even if the sentence was more severe than he expected. [Doc. 333 at 11, 20]. This Court is entitled to rely on Movant's sworn statements, made in open court with a translator, that he understood the consequences of his plea and that no promises had been made except those contained in the plea agreement. See <u>Blackledge</u>, 431 U.S. at 74. Moreover, even if counsel made such a promise prior to the plea, Movant was aware from both the plea agreement and the colloquy with the Court that the mandatory minimum sentence for his offense was five years imprisonment – which

---

[2] The handwritten notes also provide that the 30-37 month prediction was merely a "best case scenario."  As such, Movant's claim that counsel "promised" such a sentence is tenuous at best.  [Doc. 1, Exh. A].

9

was the ultimate sentence he received. [Doc. 290 at 2; Doc. 333 at 18]. Movant, therefore, has failed to demonstrate that counsel was ineffective for any incorrect estimation of the sentence. See United States v. Macon, 91 F. App'x 239, 243 (3d Cir. 2004) ("[W]e have long held that an erroneous sentencing prediction by counsel does not constitute ineffective assistance of counsel where an adequate plea hearing was conducted."); see also United States v. Smith, 371 F. App'x 901, 905 (10th Cir. 2010) ("miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel") (citations omitted); accord, Mix v. Robinson, 64 F. App'x 952, 956-57 (6th Cir. 2003); Goldberg v. United States, No. 95-2216, 1996 WL 10104, at *1 (2d Cir. Jan. 10, 1996).

Finally, Movant has failed to demonstrate that he was prejudiced by any incorrect sentence prediction by counsel. First, the properly-conducted plea colloquy in this case dispels any such prejudice. See Cruz v. United States, 188 F. App'x 908, 914 (11th Cir. 2006) (finding no ineffective assistance where movant claimed that counsel coerced her into pleading guilty based on misrepresented facts about the case and sentencing because, inter alia, "[t]he court . . . explained to her the maximum penalties and that the sentence imposed could

10

be different from any estimate given to her by her lawyer or anyone else."); United States v. Miley, 119 F. App'x 330, 332 (2d Cir. 2005) (holding that any prejudice from defense counsel's alleged misrepresentations as to what movant's sentence would be was dispelled by the time movant pleaded guilty and acknowledged that no promises had, in fact, been made to him outside of the plea agreement); Soto v. United States, 37 F.3d 252, 254-55 (7th Cir. 1994) (holding movant could not show prejudice for counsel's alleged ineffectiveness in misadvising him as to his sentence, where he was advised about the correct range of sentence at the plea hearing); United States v. Lambey, 974 F.2d 1389, 1394-95 (4th Cir. 1992) (holding attorney error in estimating sentence does not constitute prejudice if the plea colloquy corrects or clarifies the earlier erroneous information); Dehoyos v. United States, Nos. L-06-152, L-04-2040-1, 2010 WL 2710388, at *4 (S.D. Tex. Jul. 7, 2010) (holding movant could not demonstrate prejudice regarding counsel's incorrect advice about sentence where movant entered the plea after being informed of mandatory minimum sentence by the court and the plea agreement); Petty v. United States, Nos. 3:07CV257, 3:04CR250-5, 2008 WL 4596247 (W.D. N.C. Oct. 14, 2008) ("Even if counsel misinformed [movant] about the plea agreement or failed to inform her about the mandatory minimum, the properly

11

conducted plea hearing erased any prejudice."); Garnica v. United States, 361 F. Supp. 2d 724, 737 (E.D. Tenn. 2005) (holding even if counsel promised movant a lower sentence if he pleaded guilty, the court "cured any prejudice that might have resulted from such a promise during the plea colloquy by making it clear the Court, not the parties, would determine his sentence, and [movant] would be bound to his plea even if his sentence were more severe than he expected.").

Additionally, if Movant had proceeded to trial, the Government would have presented, inter alia, substantial photographic evidence and eyewitness testimony of Movant's involvement not only in the one sale for which he was convicted, but in the overall drug trafficking conspiracy. [See Doc. 359 at 10, 35-38, 46]. Without the Government's dismissal of Counts One and Three of the superseding indictment, Movant would have been exposed to a much longer potential sentence. Thus, Movant has failed to demonstrate that, but for counsel's alleged erroneous "promise" regarding sentencing, he would have insisted on going to trial.[3] Accordingly, Movant is not entitled to relief with regard to Ground One.

---

[3] Significantly, Movant never states that he would have insisted on going to trial if counsel had not erroneously promised him the allegedly relied upon sentence.

12

### C. Movant Cannot Show Ineffective Assistance of Counsel for Counsel's Failure to Advise Movant About the Deportation Consequences of His Plea.

Movant claims in Ground Two that counsel was constitutionally ineffective for failing to advise him that he could be deported based upon his guilty plea. Movant bases this claim on the United States Supreme Court's recent decision in Padilla v. Kentucky, __ U.S. __, 130 S. Ct. 1473 (March 31, 2010), in which the Supreme Court held that a lawyer representing a non-citizen defendant in connection with a guilty plea has a constitutional duty to advise the defendant whether his guilty plea "carries a risk of deportation." Id. at 1486. In Padilla, the Supreme Court agreed with the petitioner that "constitutionally competent counsel would have advised him that his conviction for drug distribution made him subject to automatic deportation." Id. The Court further found that whether the petitioner was entitled to relief due to ineffective assistance of counsel depended on whether the petitioner could show prejudice under the second Strickland prong, and remanded the case back to the state court for a prejudice determination. Id. at 1483-84. Pretermitting whether Padilla is retroactively available to Movant on collateral review, Movant has not demonstrated that but for counsel's failure to

13

advise him of the deportation consequences of the plea, he would not have entered a guilty plea and would have insisted on going to trial.[4]

Indeed, the record completely undermines Petitioner's claim of prejudice. During sentencing, Movant told the Court under oath that he entered the United States on a visitor visa, but that he still lives in Mexico with his wife and closely-knit extended family – where he owns a successful avocado business that his family maintained while he visited the United States. [Doc. 359 at 27]. Additionally, Movant's counsel told the Court that prior to his arrest, Movant's plan was to return to Mexico to be with his family and to continue to carry on his business. [Id. at 50]. Movant corroborated this desire to go back to Mexico when, before sentencing, he asked this Court to get him "back with [his] family as soon as possible." [Id. at 54]. His current self-serving statement that he would have rejected the plea agreement had he been informed that he would be deported back to Mexico – where he already planned on returning – is completely unbelievable and would have been entirely irrational. See Padilla, 130 S. Ct. at 1485 (stating

---

[4] The Court notes that even after the Padilla decision, "neither the Supreme Court nor [the Eleventh Circuit] has specifically held that a defendant's ignorance of immigration consequences renders his guilty plea involuntary." Garces v. United States Att'y Gen., 611 F.3d 1337, 1345 n.7 (11th Cir. July 27, 2010).

14

that to obtain relief on this type of claim, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). Cf. United States v. Gutierrez-Martinez, Criminal Action No. 07-91(5) ADM/FLN, Civil Action No. 10-2553-ADM, 2010 WL 5266490, at *4 (D. Minn. Dec. 17, 2010) (finding movant showed no prejudice for attorney's failure to warn him of deportation consequences of his guilty plea where, inter alia, Movant was an illegal alien and would have been deported anyway).

Movant also does not now claim that he is innocent of his involvement with the sale of one kilogram of cocaine at a drug stash residence, he admitted to those facts in connection with his plea, and he does not offer any potentially meritorious defense. Indeed, as discussed previously herein in Section II.B.2, given the Government's substantially incriminating evidence against Movant, there is a strong likelihood he would have been convicted at trial, and he was facing a significantly steeper penalty after trial – without any provision for the acceptance of responsibility. Movant's proffer, therefore, that the outcome of the proceeding would have been different had counsel told him of the deportation consequences of his plea, is wholly without merit. See e.g., Tahamtani v. Lankford, 846 F.2d 712, 714 (11th Cir. 1988) (rejecting petitioner's ineffective assistance of counsel

15

claim, in part, because the petitioner "has never contended that he was innocent of the crimes charged, nor has he offered any potentially meritorious defense"); Yong Wong Park v. United States, 222 F. App'x 82, 84 (2d Cir. 2007) (finding writ of error coram nobis properly denied where "even had [the petitioner] been aware of the immigration consequences of a plea, [he] would nonetheless have been faced with the strong likelihood of conviction at trial.  He would also have been aware that such a conviction would trigger the same deportation consequences and would probably result in a longer sentence."); Herrera v. Hynes, No. 08 Civ. 1651, 2008 WL 5068608, at *3 (E.D.N.Y. Nov. 21, 2008) (in the absence of "evidence showing why [petitioner] would have risked a trial when the likely outcome was both exposure to deportation and a substantial, preceding custody term. . . . [Petitioner] cannot raise a claim of prejudice under the second prong of Strickland").

III.   Conclusion

For the foregoing reasons, the instant § 2255 motion [Doc. 376] is **DENIED**.

IV.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  See id.  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  See Lamarca v. Secretary, Dep't of Corr.,

17

568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El, 537 U.S. at 325). In other words, Petitioner need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based on the foregoing discussion of Movant's claims, the Court finds that reasonable jurists would not find the assessment of either of Movant's ineffective assistance of counsel claims "debatable or wrong." See Slack, 529 U.S. at 484.

**IT IS THEREFORE ORDERED** that a COA is **DENIED**.

SO ORDERED, this 29 day of March, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge